DALTON v. NEW YORK TAXICAB CO.

(Supreme Court, Appellate Term.    February 5, 1909.)

APPEAL AND ERROR (§ 206*) — PRESENTATION OF QUESTION IN TRIAL COURT — EVIDENCE—OBJECTIONS.

An answer by a physician, to the question whether plaintiff's injuries were permanent, that he believed that she would suffer from them for quite a period, was responsive, and a reversal will not be granted, where no objection was made to the question, on the ground that the answer was incompetent, without a statement that witness could say with reasonable certainty that plaintiff would continue to suffer, as such objection might have been obviated if the attention of plaintiff's counsel had been directed to it at the trial, which was not done.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 206.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Katherine Dalton against the New York Taxicab Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Lewis D. Mooney, for appellant.
Emerich Kohn, for respondent.

GIEGERICH, J.    The plaintiff recovered a judgment for damages for personal injuries sustained in a collision between one of the defendant's cabs, in which she was riding, and a street car. Only two points are made by the appellant. The first is that there was error in the denial of its motion to strike out certain testimony; the other, that the judgment awards excessive damages.

In the course of the examination of the physician who treated the plaintiff after the accident, and whom she called as a witness, the following questions were asked by the court and answered by the witness; the motion to strike out being interposed as noted:

"Q. Can you state whether these injuries will be permanent? A. I believe that she will recover in time; but I believe that she will suffer from them for quite a period.

"Defendant's Attorney: I move to strike out the words 'I believe she will suffer from them for quite a period.'

"The Court: Motion denied.

"Defendant's Attorney: Exception.

"Q. What do you mean by quite a period? A. It is a hard thing to give a prognosis. I am not capable of giving anything definite on that score; but judging from the severity of the case as I found it, and judging it from other similar cases, in my opinion she would be incapacitated by this for a year and a half."

The appellant urges that the part of the answer objected to was incompetent, without the statement by the witness that he could say with reasonable certainty that the plaintiff would continue to suffer from her injuries; but no objection was made to the form of the question, and the answer was responsive. It is quite likely that the objection now made would have been met if the plaintiff's attention had

been directed to it. Judgments cannot be disturbed in this court upon objections which the ingenuity of counsel may develop from the record, and which might have been obviated if the attention of the respondent's counsel had been directed to them at the proper time.

The damages awarded were fully justified by the evidence, and the judgment should be affirmed, with costs. All concur.